UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JANET SCARBROUGH, )
        Plaintiff, )
v. ) NO. 2: 09-0059
FICOSA NORTH AMERICAN ) JUDGE CAMPBELL
CORPORATION, and DELBAR )
PRODUCTS, INC., )
        Defendants. )


MEMORANDUM

Pending before the court is Plaintiff's Motion to Remand (Docket No. 12). For the reasons stated herein, Plaintiff's Motion is DENIED.


FACTS

Plaintiff filed this action in the Circuit Court for Cumberland County, Tennessee on March 31, 2009. In her complaint, Plaintiff seeks compensatory damages and punitive damages not to exceed $74,500, exclusive of interest and costs. (Docket No. 1) On May 8, 2009 Defendant Ficosa filed a Notice of Removal, claiming this Court has original jurisdiction over the matter.

A defendant seeking to remove a case to federal court has the burden of proving, by a preponderance of the evidence, that the district court possesses subject-matter jurisdiction. *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 375 (6th Cir. 2007); *Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6th Cir. 1993). In determining whether an action was properly

removed, the Court must look at the substance of the complaint at the time of removal. *Taylor v. State Farm Fire & Casualty Co.*, 2009 WL 580469 at* 2 (E.D. Tenn. March 4, 2009). The amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights she seeks to protect. *Williamson*, 481 F.3d at 376.

Where a claim for relief is specifically less than the federal requirement, removal is generally precluded because the plaintiff is "the master of the claim." *Gafford*, 997 F.2d at 157. The Sixth Circuit has stated, however, that in situations where a plaintiff seeks a specific amount that is less than the federal requirement and state procedural rules permit the recovery of an amount greater than the specific amount requested, the minimum amount in controversy requirement is satisfied if the removing defendant shows that it is "more likely than not" that the plaintiff's claims exceed $75,000, even though plaintiff expressly limited her claims to $75,000 or less. *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000). *See also Gafford*, 997 F.2d at 158 ("We conclude that the 'preponderance of the evidence' ('more likely than not') test is the best alternative"); *Williamson,* 481 F.3d at 275 ("…Aetna must demonstrate that it was 'more likely than not' that the amount in controversy would exceed $75,000.")

Here, Plaintiff seeks compensatory damages and an award for punitive damages not to exceed $74,500. (Docket No. 1-1, ¶20). However, it is the opinion of this Court that Plaintiff's damages are "more likely than not" to exceed the required jurisdictional amount given: (1) the amount of lost wages, benefits and pension; (2) Tenn. R. Civ. P. 54.03 allows for a recovery greater than the amount pled[1]; (3) Plaintiff's unwillingness to stipulate to the maximum amount

---

[1] Tennessee state procedural rules do allow a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount for which the plaintiff has prayed. *Rogers*, 230 F.3d at 871. Except in cases of default, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has no demanded such relief in the party's pleadings." Tenn. R. Civ. P. 54.03.

in controversy and (4) claims for punitive damages and emotional distress. Therefore, this Court has proper subject matter jurisdiction and Plaintiff's Motion to Remand (Docket No. 12) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE